# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| AHMED ALRWENI,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No.  A-21-CV-00296-RP |
| ACCENTURE FLEX LLC,<br>GOOGLE, LLC,<br>*Defendants* | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Google, LLC's Corrected Motion for Summary Judgment, Dkt. 23; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.   BACKGROUND

This is an employment discrimination case. Alrweni brings two claims against Defendants Accenture Flex LLC and Google LLC under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") based on the alleged discrimination he faced while employed by Accenture on a project for Accenture's client, Google. *See* Dkt. 1. Alrweni began working for Accenture in November 2019 until his employment was terminated in March 2020. Dkt. 1-14, at 3; Dkt. 1-8, at 1.

Alrweni alleges that he was discriminated against based on his national origin—he is Egyptian "raised in Oman"—and retaliated against when he twice

1

complained of the discrimination. Dkt. 1, at 3, 5 ("I was terminated after I complained about another employee who was harassing me."). Specifically, Plaintiff claims that he was denied a promotion because he is Egyptian. *Id.* Plaintiff further alleges that Accenture violated the ADA by failing to allow him to use a keyboard wrist pad. *Id.* Accenture, on the other hand, contends that it terminated Plaintiff's employment because he falsely accused a co-worker of threatening to harm other employees at Google. Dkt. 1-5, at 1 ("Alrweni was terminated for falsely reporting to Accenture Flex, the FBI, and the Austin police that a co-worker had threatened to seriously harm employees at Google.").

Alrweni filed a charge of discrimination against Accenture with the EEOC, which was dismissed on February 25, 2021, and initiated this lawsuit within 90 days of receiving the dismissal. Dkts. 1, 1-10. Google now moves for summary judgment on Alrweni's claims against it based on his failure to exhaust his administrative remedies, as required to bring claims under Title VII and the ADA. Dkt. 23, at 2-3.

## II.   DISCUSSION

Google argues that Alrweni's claims against it must be dismissed because he failed to exhaust his administrative remedies. Dkt. 23, at 2-3. Although Alrweni filed a charge of discrimination with the EEOC before filing this lawsuit, he did not include Google as his employer in that charge. Dkt. 1-10; Dkt. 23, at 3 (citing *Teneyuca v. Bexar County*, 767 F. 2d 148 (5th Cir. 1985) (affirming dismissal of complaint alleging Title VII claims because defendants not named in EEOC charge)). Indeed, Title VII and the ADA both require an employee to exhaust their administrative remedies by

filing a charge of discrimination with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

Alrweni admits that he did not include Google in his EEOC charge, but argues that his claims should not be dismissed on this basis because he did not know at that time "that Google was responsible for firing [him]." Dkt. 42, at 1. Further, Alrweni cites *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), for the proposition that he may maintain a hostile work environment claim against Google regardless of the exhaustion requirements. *Id.* at 1-2. As Google points out, however, in *National R.R.* the Supreme Court clarified that an EEOC charge alleging a hostile work environment will be considered timely even if it includes alleged acts that are outside of the limitations period if they relate to "the same unlawful employment practice complained of in the charge and at least one act falls within the time period." Dkt. 46, at 3; *Nat'l R.R.*, 536 U.S. at 122. Here, in contrast, Alrweni did not file a charge of discrimination against Google at all.

Further, contrary to his assertion that he did not have time to file such a charge by the time he learned of Google's role in his termination on December 17, 2020, Alrweni in fact had until January 18, 2021, to file a charge against Google based on his March 24, 2020, termination. *Nat'l R.R.*, 536 U.S. at 110 ("a litigant has up to 180 or 300 days *after* the unlawful practice happened to file a charge with the EEOC"). The only excuses Alrweni provides for failing to file an EEOC charge is that he was unaware that he was required to file a separate EEOC charge against Google, and he was busy working on his response to the EEOC investigator regarding his charge

3

against Accenture. Dkt. 47. Alrweni has thus failed to "describe extraordinary circumstances that justify relief from the exhaustion requirement or otherwise explain why exhaustion is unavailable." *Keith v. Rosado*, 602 F. App'x 1011, 1011 (5th Cir. 2015) (per curiam); *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) (*pro se* status and ignorance of the law do not excuse procedural default).

Because exhaustion is a mandatory prerequisite to Title VII or ADA claims, and the time period for Alwreni to pursue his administrative remedies against Google has passed, the undersigned will recommend dismissal of Alrweni's claims against Google. *See Pacheco*, 448 F.3d at 785, 795 (affirming dismissal of Title VII claim with prejudice for failure to exhaust administrative remedies).

### III.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court grant Google's Corrected Motion for Summary Judgment, Dkt. 23, and **DISMISS** Alrweni's claims against Google **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

### IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED November 9, 2021.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE